# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**AMY IMPSON, ET AL.**                              **CIVIL ACTION**

**VERSUS**                                          **NO. 14-632-JWD-RLB**

**DIXIE ELECTRIC MEMBERSHIP**
**CORPORATION, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 24, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**AMY IMPSON, ET AL.**                                    **CIVIL ACTION**

**VERSUS**                                               **NO. 14-632-JWD-RLB**

**DIXIE ELECTRIC MEMBERSHIP**
**CORPORATION, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is a Motion to Remand filed by Amy Impson and John Robinson ("Plaintiffs"). (R. Doc. 7). The motion is opposed by the removing defendant, Associated Electric and Gas Insurance Services, Ltd. ("AEGIS"). (R. Doc. 8). Having reviewed the pleadings, the parties' arguments, and the applicable law, the court concludes that AEGIS has met its burden of establishing removal jurisdiction pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention"), codified at 9 U.S.C. § 201-208. Accordingly, the Motion to Remand should be denied.

## I.      Background

On June 11, 2013, Plaintiffs filed a Petition in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana alleging that defendants Dixie Electric Membership Corporation and Donnie Young are liable for injuries caused to the Plaintiffs in an automobile accident. (R. Doc. 2-1 at 1-5). On April 21, 2014, the state court entered into the record Plaintiffs' First Supplemental and Amending Petition, which named AEGIS Security Insurance Company as defendant pursuant to the Louisiana direct action statute, La. R.S. 22:655 (R. Doc. 2-1 at 6-9). On June 23, 2014, the state court entered into the record Plaintiffs' Second Supplemental and Amending Petition naming AEGIS as the correct insurer defendant. (R. Doc. 2-1 at 14-17).

2

On October 6, 2014, AEGIS removed the action alleging that federal question jurisdiction exists pursuant to the Convention. (R. Doc. 2). AEGIS alleges that the policy at issue contains an arbitration provision that "falls under the convention" pursuant to 9 U.S.C. § 202 and that the state court litigation "relates to" the arbitration provision for the purposes of 9 U.S.C. § 205. (R. Doc. 2 at 6). AEGIS attached the policy at issue to its Notice of Removal. (R. Doc. 2-3). The policy's arbitration provision provides, in pertinent part, the following:

> Any controversy or dispute arising out of or relating to this POLICY, or the breach, termination or validity thereof, which has not been resolved by non-binding means as provided herein within ninety (90) days of the initiation of such procedure, shall be settled by binding arbitration . . . .

(R. Doc. 2-3 at 18). The "non-binding means" of resolution referenced in the arbitration provision are governed by provisions requiring non-binding negotiation and mediation prior to the commencement of arbitration. (R. Doc. 2-3 at 17-18).

In the Notice of Removal, AEGIS alleges that the arbitration provision "falls under" the Convention because (1) it is a written agreement to arbitration; (2) the agreement provides for arbitration in the United States, which is a Convention signatory nation; (3) the relationship between AEGIS and its insureds arise out of a "commercial legal relationship"; and (4) AEGIS, a citizen of Bermuda, is not a citizen of the United States. (R. Doc. 2 at 6). AEGIS further alleges that the state court litigation "relates to" the arbitration provision because this action was brought pursuant to the Louisiana direct action statute, and, therefore, the plaintiffs "have effectively stepped into the shoes of the named insureds." (R. Doc. 2 at 7). The other defendants consent to removal. (R. Doc. 2 at 7).

On November 5, 2014, Plaintiffs filed their Motion to Remand, arguing that the arbitration provision does not consist of a "valid" arbitration agreement because there has been

no attempt at resolution of this controversy or dispute through the non-binding means of resolution provided by the policy.  (R. Doc. 7).

## II.    Arguments of the Parties

Plaintiffs argue that AEGIS has not met its burden of proving that a "valid agreement to arbitrate" exists under the terms of the AEGIS policy as required pursuant to 9 U.S.C. § 202.  (R. Doc. 7-2 at 2).  Plaintiffs argue that Louisiana contract law principles govern whether the arbitration provision constitutes a valid agreement to arbitration.  (R. Doc. 7-2 at 3-4).  Plaintiffs claim that the AEGIS policy does not contain a valid arbitration agreement because the "narrow conditions for the AEGIS policy to sustain an agreement to arbitrate this matter are clearly not met." (R. Doc. 7-2 at 4).  Plaintiffs argue that because the parties have not sought resolution by non-binding means, a contractual requirement before an actual binding arbitration may commence, "there is no contractual agreement to mandatory [arbitration] in this matter."  (R. Doc. 7-2 at 4).

In opposition, AEGIS argues that it correctly alleged in the Notice of Removal that the policy at issue contains an arbitration provision that "falls under the convention" pursuant to 9 U.S.C. § 202.  (R. Doc. 8 at 3-4).  AEGIS further argues that the contractual prerequisites for arbitration in the arbitration provision are irrelevant because "defendant is not required to prove that it can successfully compel arbitration to justify removal and federal court jurisdiction."  (R. Doc. 8 at 5-6).  AEGIS notes that the Plaintiffs do not dispute that the arbitration provision "relates to" the present litigation as required by 9 U.S.C. § 205. (R. Doc. 8 at 3).

## III.    Law and Analysis

Federal courts have jurisdiction over actions or proceedings failing under the Convention, which "shall be deemed to arise under the laws and treaties of the United States."  9 U.S.C.  §

203. The Convention allows removal of cases from state court where the state court proceeding "relates to" an arbitration agreement falling under the Convention:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.

9 U.S.C. § 205. The Fifth Circuit has held where an arbitration provision provides that certain types of disputes must be arbitrated, it "relates to" a lawsuit filed in state court seeking resolution of those types of disputes and is, therefore, removable. *Acosta v. Master Maintenance and Const. Inc.*, 452 F.3d 373, 378 (5th Cir. 2006).

Because Section 205 of the Convention is "one of the broadest removal provisions . . . in the statute books," the general rule that removal statutes are construed strictly against removal does not apply to it. *Id.* "[W]henever an arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case, the agreement 'relates to' to the plaintiff's suit." *Beiser v. Weyler*, 284 F.3d 665, 671 (5th Cir. 2002). "Even if [the plaintiff] is right on the merits that he cannot ultimately be forced into arbitration, his suit at least has a 'connection with' the contracts governing the transaction out of which his claims arise" and, therefore, the suit "relates to" the arbitration agreement at issue." *Id.* at 669. In short, the defendant removing a state court action under the Convention need not show to an absolute legal certainty that it "has the right to enforce the arbitration agreement." *QPro Inc. v. RTD Quality Servs. USA, Inc.*, 718 F. Supp. 2d 817, 824-25 (S.D. Tex. 2010).

There is no dispute that the arbitration provision at issue in this action "relates to" the proceeding brought by the Plaintiffs as required by Section 205 of the Convention.[1] The

---

[1] Plaintiffs provide no argument that the arbitration provision at issue does not "relate to" the state court action. That the Plaintiffs have sued AEGIS through the Louisiana direct action statute does not deprive

Plaintiffs' sole argument is the AEGIS policy's arbitration provision is not a "valid" arbitration agreement and, therefore, does not "fall under" the Convention pursuant to Section 202 of the Convention.

Under Section 202 of the Convention, an "agreement 'falls under' the Convention when "(1) there is an agreement in writing to arbitrate the dispute; (2) the agreement provides for arbitration in a territory that is a signatory to the Convention; (3) the relationship arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen." *Layson v. Baffin Investments, Ltd.*, No. 14-518, 2015 WL 1084529, at *2 (M.D. La. Mar. 11, 2015) (citing *Lim v. Offshore Specialty Fabricators, Inc.,* 404 F.3d 898, 903 (5th Cir. 2005)).[2] There is no dispute that the last three factors are satisfied: the agreement provides for arbitration in the United States, which is a Convention signatory nation; the relationship between AEGIS and its insureds (and therefore the Plaintiffs and AEGIS's insureds) arise out of a "commercial legal relationship"; and AEGIS is a citizen of Bermuda, not of the United States. The sole issue

---

the court of jurisdiction on the basis that the direct action does not "relate to" the arbitration provision. *Acosta v. Master Maint. & Const. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) ("The operation of the direct-action statute as a matter of Louisiana state law does not alter the fact that the litigation is related to the arbitration provision as a matter of logic and federal removal law.") The Western District of Louisiana recently concluded that a similar arbitration provision in an AEGIS policy "related to" state court litigation where the plaintiffs brought a Louisiana direct action claim against AEGIS. *See Simmons v. Sabine River Auth. of Louisiana*, 823 F. Supp. 2d 420, 431-32 (W.D. La. 2011). As in *Simmons*, the plaintiffs in this action have stepped into the shoes of the actual insureds under the AEGIS policy by bringing a direct action claim against AEGIS. In light of the broad reading afforded to Section 205 of the Convention, the court concludes that the state court proceeding "relates to" the arbitration provision at issue in this case.

[2] 9 U.S.C. § 202 provides the following: "An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states. For the purpose of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States."

in dispute is the first factor, namely whether the arbitration provision is an "agreement in writing to arbitrate the dispute."

Plaintiffs argue that the arbitration provision at issue is not a "valid" arbitration agreement because the contractual requirement that the parties to the policy attempt to resolve "any controversy or dispute" through the non-binding methods of negotiation and mediation has not been satisfied. (R. Doc. 7-2 at 4).[3] While the non-satisfaction of contractual prerequisites for compelling arbitration may be relevant for determining whether the court should compel arbitration (an issue on the merits not directly before the court), that fact has no bearing on whether the arbitration agreement itself is invalid as a general matter.

To the extent Plaintiffs are arguing that the arbitration provision at issue is unenforceable by AEGIS or any other party to this litigation, considering this action's procedural posture, the court still finds Plaintiffs' argument to be misplaced. To demonstrate that the instant arbitration agreement is unenforceable, the Plaintiffs rely on a decision by this court on a motion to compel arbitration. *See Pioneer Natural Resources U.S.A., Inc. and Pioneer Natural Resources Company v. Zurich American Ins. Co., et al.*, No. 08-227, 2009 WL 3415141 (M.D. La. Oct. 7, 2009). That decision involved an AEGIS policy with an arbitration provision similar to the one at issue in this action. The court clearly stated that there was "no dispute that the AEGIS policy provides for mandatory arbitration," noting that AEGIS and the plaintiffs had already engaged in arbitration pursuant to the arbitration agreement. *Id.* at *3. The issue in dispute was whether

---

[3] In support of this contention, Plaintiffs cite various Fifth Circuit decisions addressing motions to compel arbitration pursuant to the Federal Arbitration Act. These decisions simply stand for the proposition that a court determining whether to compel arbitration will look to state law to determine whether there is a valid agreement to arbitrate. *See Datatreasury Corp. v. Wells Fargo & Co.,* 522 F.3d 1368, 1372 (5th Cir. 2008); *Graves v. BP America, Inc.,* 568 F.3d 221, 222-23 (5th Cir. 2009); *Banc One Acceptance Corp. v. Hill,* 367 F.3d 426,429 (5th Cir. 2004); *Fleetwood Enters, Inc. v. Gaskamp,* 280 F.3d 1069, 1073 (5th Cir. 2002). The current issue before this court, however, is not whether it should compel arbitration, but instead whether it has subject matter jurisdiction pursuant to the Convention.

certain excess insurers to a policy that "followed form" to the AEGIS policy could compel arbitration pursuant to the arbitration agreement in the AEGIS policy. The court concluded that the excess insurers could not compel arbitration pursuant to the AEGIS policy because the excess insurers' policy contained a conflicting provision that was construed in favor of the insured. *Id.* at *10-13. Accordingly, the foregoing decision merely demonstrates that non-signatories to an AEGIS policy could not compel arbitration pursuant to that AEGIS policy. Contrary to Plaintiffs' assertion, this court did not conclude that the AEGIS arbitration agreement at issue was invalid or otherwise unenforceable by AEGIS.

Furthermore, prior to issuing the foregoing decision, the same judge in the same action was faced with a motion to remand for lack of jurisdiction under the Convention. *See Pioneer Natural Res., U.S.A., Inc. v. Zurich Am. Ins. Co.*, No. 08-227, 2009 WL 362030 (M.D. La. Feb. 10, 2009). In the context of arguing that there was no subject matter jurisdiction under the Convention, the plaintiffs advocated that as a matter of contract law the underlying AEGIS arbitration provision had not been incorporated into the "follow form" policy of the excess insurers. *Id.* at *5. The court stated that the "questions of whether the arbitration provision in the AEGIS policy can be read into the [excess insures' policy] through the following form provision or whether a particular party can be compelled to arbitrate a particular issue are merits-based inquiries, separate from the Court's determination of whether it has jurisdiction to decide the case either way." *Id.* at *5; *see also Ostrowiecki v. Aggressor Fleet, Ltd.*, No. 07-6598, 2007 WL 4365442, at *3 n.36 (E.D. La. Dec. 12, 2007) (rejecting plaintiffs' argument that "there is no valid and enforceable contract of arbitration that could 'fall under' the Convention" because that would require the court to determine an issue on the merits prior to determining its jurisdiction).

Here, the Plaintiffs ask the court to conduct a similar merits-related decision regarding the "validity" or enforceability of the arbitration agreement prior to determining its jurisdiction. For the purpose of determining jurisdiction under the Convention, it is sufficient that the court finds that AEGIS's removal petition is non-frivolous, as it is conceivable that the court would order mandatory arbitration between some or all of the parties pursuant to the contractual procedures outlined in the AEGIS policy's arbitration provision. *See Beiser*, 284 F.3d at 671-72. Accordingly, the court concludes that AEGIS has met its burden of proving that the arbitration agreement in the relevant policy "falls under" the Convention. *See* 9 U.S.C. § 202.

## IV.    CONCLUSION

Based on the foregoing, the court concludes that this litigation relates to an arbitration agreement that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §§ 201-208, and that the matter was properly removed pursuant to 9 U.S.C. § 205.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Plaintiffs' Motion to Remand (R. Doc. 7) should be **DENIED.**

Signed in Baton Rouge, Louisiana, on March 24, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**