UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**AMY IMPSON, ET AL.**                                      **CIVIL ACTION**

**VERSUS**                                                        **NO. 14-632-JWD-RLB**

**DIXIE ELECTRIC MEMBERSHIP**
**CORPORATION, ET AL.**

## ORDER

Before the court is Defendant Associated Electric and Gas Insurance Services, Limited's ("AEGIS") Motion to Compel Responses to Requests for Production of Documents Pursuant to Federal Rule of Procedure 37 (R. Doc. 18) filed on November 19, 2015.  The Motion seeks an order compelling plaintiff Amy Impson ("Ms. Impson") to provide responses to requests for production propounded on June 15, 2015.

Any opposition to this motion was required to be filed within 21 days after service of the motion. LR 7(f).  Ms. Impson has not filed an opposition as of the date of this Order.  The motion is therefore unopposed.

**I.    Background**

This action involves an automobile accident on June 22, 2012.  Ms. Impson, a passenger in one of the vehicles, alleges that she suffered the following injuries as a result of the accident: lower back injury; neck injury; mid-back injury; headaches; brain injury; anxiety; and depression.  (R. Doc. 2-1 at 4).  Ms. Impson seeks recovery for past, present, and future physical pain and suffering; mental and emotional pain, anguish, and distress; medical expenses; loss of income and impairment of earning capacity; and loss of enjoyment of life.  (R. Doc. 2-1 at 4). AEGIS is the insurer of the underlying tortfeasor defendants.  (R. Doc. 2-1 at 8).

Ms. Impson's deposition was taken on April 22, 2015. (R. Doc. 18-5). At her deposition, Ms. Impson, who is self-employed, stated that her clients do not provide Form 1099s. (R. Doc. 18-5 at 8). Ms. Impson testified that, for tax record purposes, she keeps certain bank receipts reflecting the deposited payments from her clients. (R. Doc. 18-5 at 8-9). Ms. Impson further testified that she keeps a diary, log, or calendar of the work she missed because of her physical condition after the accident. (R. Doc. 18-5 at 7). Finally, Ms. Impson stated that she communicates daily on Facebook and that she has sent at least one email to a former professor regarding the accident. (R. Doc. 18-5 at 3, 5).

On June 15, 2015, AEGIS propounded its First Set of Requests for Production of Documents to Ms. Impson. (R. Doc. 18-3). These discovery requests seek bank records evidencing Ms. Impson's income; diaries and/or logs reflecting Ms. Impson's cancellation of work due to her physical injuries; and social media postings and emails concerning the accident and Ms. Impson's damages and injuries.

On August 26, 2015, Ms. Impson responded to the discovery requests, objecting to most of them on the basis of relevance and overbreadth. (R. Doc. 18-4). Ms. Impson did not produce any responsive documents.

Defense counsel certifies that he has in good faith conferred with Plaintiff's counsel in an effort to obtain the requested documents without court action. (R. Doc. 18-2). Defense counsel represents that during telephone discussions with Plaintiff's counsel on August 27-28, 2015, Plaintiff's counsel "agreed to produce documents responsive to Requests for Production 3 through 8 upon receipt from plaintiff." (R. Doc. 18-1 at 5). Defense counsel further represents that in these conversations Plaintiff's counsel reiterated his objections regarding sending all bank statements responsive to Requests for Production Nos. 1 and 2. (R. Doc. 18-1 at 5). On October

12, 2015 (as confirmed by a letter dated November 4, 2015), defense counsel informed Plaintiff's counsel that the "requests for the bank records of Ms. Impson are based on her deposition testimony that the record of her deposits into her Chase Bank account would be the best contemporaneous records of her earnings as well as when and how much she was working," and that those requests "are only intended to include records of deposits made and are not intended to include any information about withdrawals, checks written by Ms. Impson, or any debit card charges connected to a checking account." (R. Doc. 18-6).

On November 19, 2015, AEGIS filed the instant motion, representing that Ms. Impson has still not produced any responsive documents.

## II.   Law and Analysis

### A.   Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Rule 34 of the Federal Rules of Civil Procedure provides for the discovery of documents and tangible items.  A party seeking discovery must serve a request for production on the party believed to be in possession, custody, or control of the documents or other evidence. Fed. R. Civ. P. 34(a). The request is to be in writing and must set forth, among other things, the desired items

with "reasonable particularity." Fed. R. Civ. P. 34(b)(1)(A).  If a party fails to respond fully to requests for the production of documents in the time allowed by Rule 34(b)(2)(A), the party seeking discovery may move to compel responses pursuant to Rule 37(a)(3)(B).

    **B.**    **Specific Requests for Production**

        **1.**    **Request for Production No. 1**

AEGIS's Request for Production No. 1, and Ms. Impson's response, are as follows:

**REQUEST FOR PRODUCTION NO. 1**
Copies of any and all statements for any bank accounts in which Amy Impson deposited any income or wages for the years 2008 to present, including, but not limited to, the Chase Bank account referenced in your deposition (see pp. 66-7 and p. 121).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**
Objection. This request seeks information that is irrelevant, inadmissible and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff reserves the right to amend and/or supplement this response as more information becomes available.

As discussed above, AEGIS has clarified that this request is limited to "records of deposits made" evidencing Ms. Impson's income and wages.  Ms. Impson's deposition testimony makes it clear that her bank account deposit records are the best source of information regarding her income from the years 2008 to the present.  The information sought is relevant to Ms. Impson's claim of loss income and impairment of earning capacity.

Based on the foregoing, Ms. Impson's objection to this request is overruled.  Ms. Impson must produce any bank statements in her "possession, custody, or control" evidencing her income or wages for the years 2008 to present.

 Ms. Impson shall fully respond to this discovery request within **14 days** of the date of this Order.

4

### 2. Request for Production No. 2

AEGIS's Request for Production No. 2, and Ms. Impson's response, are as follows:

**REQUEST FOR PRODUCTION NO. 2**
Copies of any and all emails, calendar entries, or other documents, whether in digital or paper form, that reflect cancellation of work by Amy Impson due to medical conditions since June 22, 2012.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**
Copies of such documents have been requested and plaintiff is currently in the process of gathering and redacting any such documents. Plaintiff reserves the right to amend and/or supplement this response as more information becomes available.

Ms. Impson did not object to this discovery request. It is, therefore, unclear why she did not provide copies of documents responsive to this request within the time allowed by Rule 34. The document request seeks information relevant to Ms. Impson's claim of loss of income and impairment of earning capacity. Accordingly, Ms. Impson must produce any documents in her "possession, custody, or control" to the extent that they reflect her cancellation of work due to medical conditions since June 22, 2012.

Ms. Impson shall produce all documents responsive to this discovery request within **14 days** of the date of this Order.

### 3. Request for Production Nos. 3-5

AEGIS's Request for Production Nos. 3-5, and Ms. Impson's responses, are as follows:

**REQUEST FOR PRODUCTION NO. 3**
Copies of all Facebook or other social media postings from June 22, 2012 to the present for Amy Impson that refer to or discuss the Accident.[1]

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**
Objection. This request overly broad and is not reasonably calculated to lead to the discovery of admissible evidence, under La. Code Civ. Proc. 1422 and/or a protective order is required to protect plaintiff from "annoyance, embarrassment, oppression, or undue burden or expense" under La. Code Civ. Proc. 1426 and/or the request violates Plaintiff's constitutionally protected privacy interests. See

---

[1] "Accident" is defined as the "accident of June 22, 2012 . . . that is the subject of these proceedings."

5

*Orfanello v. Laurente*, 626 So. 2d 417, 418-19 (La. App. 4 Cir. 1993). Plaintiff reserves the right to amend and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 4**
Copies of all Facebook or other social media postings from June 22, 2012 to the present for Amy Impson that refer to or discuss the Injuries.[2]

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**
See Objection to Request No. 3. Plaintiff reserves the right to amend and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 5**
Copies of all Facebook or other social media postings from June 22, 2012 to the present for Amy Impson that refer to or discuss the Damages.[3]

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**
See Objections to Requests Nos. 3 and 4. Plaintiff reserves the right to amend and/or supplement this response as more information becomes available.

Collectively, the foregoing requests seeks the production of all emails in Ms. Impson's "possession, custody, and control" from June 22, 2012 to the present that refer to or discuss the accident at issue, Ms. Impson's alleged injuries, and/or Ms. Impson's alleged damages. As the document requests are time and subject-matter limited, the court overrules Ms. Impson's objection that they are overly broad. The court concludes that these requests seek relevant information regarding the accident, Ms. Impson's alleged injuries, and/or Ms. Impson's alleged damages.

Ms. Impson's response to these requests references Louisiana law that is not applicable to this discovery dispute.[4] To the extent Ms. Impson seeks a protective order pursuant to Rule

---

[2] "Injuries" is defined as "any physical, mental, medical or cognitive condition" that Ms. Impson claims was caused by the accident at issue.
[3] "Damages" is defined as "any expense or claim" that Ms. Impson asserts in these proceedings.
[4] In support of her objection that these requests for social media postings violate her "constitutionally protected privacy interests," Ms. Impson relies upon *Orfanello v. Laurente*, 626 So.2d 417, 418-19 (La. App. 4th Cir. 1993). That decision merely held that inquiry into whether a witness to an accident had "ever been arrested" was not relevant, not reasonably calculated to lead to the discovery of admissible evidence, and would be an unwarranted invasion of the witness's privacy. Here, AEGIS is seeking

6

26(c) regarding these discovery requests, the court concludes that Ms. Impson has not established good cause for the issuance of such an order. Regardless of whether Ms. Impson emplaced privacy settings on her social media postings, these postings were freely shared with third parties. Ms. Impson must produce copies of any such postings from June 22, 2012 to the present as sought in the specific discovery requests that are in her "possession, custody, or control."

Ms. Impson shall produce all social media postings in her "possession, custody, or control" responsive to the foregoing discovery requests within **14 days** of the date of this Order.

### 4.     Request for Production Nos. 6-8

AEGIS's Request for Production Nos. 6-8, and Ms. Impson's responses, are as follows:

**REQUEST FOR PRODUCTION NO. 6**
Copies of all emails from June 22, 2012 to the present for Amy Impson that refer to or discuss the Accident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**
Objection. This request is overly broad and unduly burdensome. Without waiver of this objection, plaintiff does not recall any such e-mails other than as described in response to request no. 2. Plaintiff reserves the right to amend and/or supplement this response as more information becomes available.

**REQUEST FOR PRODUCTION NO. 7**
Copies of all emails from June 22, 2012 to the present for Amy Impson that refer to or discuss the Injuries.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**
See Objection to Request No. 6. Plaintiff reserves the right to amend and/or supplement this response as more information becomes available.

---

relevant information posted on social media directly pertaining to Ms. Impson's claims in the Petition. Such social media is generally discoverable. *See Farley v. Callais & Sons, LLC*, No. 14-2550, 2015 WL 4730729 (E.D. La. Aug. 10, 2015) (ordering plaintiff to provide social media postings to his counsel for determination of whether the postings are relevant and responsive to discovery requests); *see also Johnson v. PPI Tech. Servs., L.P.*, No. 11-2773, 2013 WL 4508128, at *1 (E.D. La. Aug. 22, 2013) ("Generally, [social networking site] content is neither privileged nor protected by any right of privacy.") (citation omitted).

**REQUEST FOR PRODUCTION NO. 8**
Copies of all emails from June 22, 2012 to the present for Amy Impson that refer to or discuss the Damages.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**
See Objection to Requests Nos. 6 and 7. Plaintiff reserves the right to amend and/or supplement this response as more information becomes available.

Collectively the foregoing requests seek the production of all emails in Ms. Impson's "possession, custody, and control" from June 22, 2012 to the present that refer to or discuss the accident at issue, Ms. Impson's alleged injuries, and/or Ms. Impson's alleged damages. As the document requests are time and subject-matter limited, the court overrules Ms. Impson's objection that they are overly broad. The court concludes that these requests seek relevant information regarding the accident, Ms. Impson's alleged injuries, and/or Ms. Impson's alleged damages.

Ms. Impson shall produce all emails responsive to the foregoing discovery requests within **14 days** of the date of this Order.

    **C.**     **Expenses**

If a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion is filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The court must not order this payment, however, if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make the award of expenses unjust." *Id*.

The court finds no circumstances that make the award of expenses of unjust.  Having provided Ms. Impson an opportunity to be heard through the filing of an opposition, and given Ms. Impson's discovery violations, the court will award expenses to Defendant in the amount of $250.00.

**III.    Conclusion**

**IT IS ORDERED** that the Motion to Compel is **GRANTED**, and Ms. Impson must provide complete responses to the discovery requests, without further objection (with the exception of any objections pertaining to any applicable privileges and/or immunities),[5] no later than **14 days** from the date of this Order.

**IT IS FURTHER ORDERED** that Ms. Impson shall pay AEGIS **$250.00** within **21 days** of the date of this Order.

Signed in Baton Rouge, Louisiana, on December 22, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckla Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege.").